# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUDITH CATE,

    Plaintiff,

v.                              Case No. 2:16-cv-11703- RHC-EAS

THETFORD CORPORATION,       Hon. Robert H. Cleland

    Defendant.

_____/

| | |
|---|---|
| Charlotte Croson (P56589) | Robert A. Boonin (P38172) |
| NachtLaw, P.C. | Noah S. Hurwitz (P74063) |
| Attorneys for Plaintiff | Dykema Gossett PLLC |
| 101 N. Main St., Suite 555 | Attorneys for Defendant |
| Ann Arbor, Michigan 48104 | 2723 South State Street, Ste. 400 |
| (734) 663-7550 | Ann Arbor, MI  48104 |
| ccroson@nachtlaw.com | (734) 214-7650 |
| | rboonin@dykema.com |
| | nhurwitz@dykema.com |

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order is entered into by and among Defendant Thetford Corporation and Plaintiff Judith Cate (collectively the "Parties" or separately as a "Party").

This matter having come before the Court on the Parties' stipulation, due notice having been given, and the Court being otherwise fully advised on the premises:

IT IS ORDERED the following Confidentiality Agreement Protective Order ("Order") is entered in this case:

## I. CONFIDENTIAL MATERIALS

A.   *<u>Definitions</u>*

The term "this Action" means the pending Action captioned *Judith Cate v. Thetford Corporation,* Case No. 2:16-cv-11703.

The term "Producer" shall mean any Party or non-party that may produce CONFIDENTIAL MATERIAL in this Action.

The term "Receiver" shall mean any Party or other person who is subject to this Order that receives CONFIDENTIAL MATERIAL produced in this Action.

The term "CONFIDENTIAL MATERIAL" means all documents (including the information contained in those documents) and other information (including testimony) a Producer Party in good faith designates as CONFIDENTIAL MATERIAL. CONFIDENTIAL MATERIAL shall include, without limitation, the following documents and materials:

1. those documents produced in response to document requests, subpoenas, or authorizations that any Party to this Action in good faith designates as confidential;

2. interrogatory answers that any Party to this Action or non-party in good faith designates as confidential;

3. those portions of deposition transcripts, including exhibits, that any Party to this Action in good faith designates as confidential;

4. those portions of motions and other pleadings filed with the Court in this Action that any Party to this Action in good faith designates as confidential; and

5. those documents or materials containing sensitive business and/or proprietary information that any Party to this Action in good faith designates as confidential.

Nothing in this definition or Order is intended to affect or abrogate any other applicable privilege or protection, including the attorney-client, work-product, common interest, and joint-defense privileges, which are expressly reserved. Nothing in this Order shall be deemed an admission by the Receiver that the material stated to be CONFIDENTIAL MATERIAL is, in fact, protected under Rule 26 of the Federal Rules of Civil Procedure and/or the attorney-client or other privilege. If a Receiver contends that a document designated by a Producer as CONFIDENTIAL MATERIAL does not contain confidential, trade secret or otherwise restricted or sensitive information, nothing in this Order shall prevent the Receiver from objecting, by motion or otherwise, to the designation of such material. The Receiver shall timely meet and confer with the Producer prior to asking the Court for assistance. In the event of any challenge, the burden of

3

persuasion shall be on the Producer to establish that the material does contain confidential, trade secret, or otherwise restricted or sensitive information justifying the designation of CONFIDENTIAL MATERIAL. In no instance shall the Receiver of a document to which an objection has been made to its confidential designation disclose the document or its contents to persons other than those listed in B.(4) of this Order, unless the Court has first sustained the objection.

B.  *Designation and Use of Confidential Material*

1. Designation of Confidential Material shall be made by placing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", "CONFIDENTIAL" or similar language (hereinafter "Confidential Legend") on the face of the document and on each page so designated. A Party who is a Producer shall designate the Confidential Material by placing the Confidential Legend on any document(s) before distributing same to other parties. The Receiver(s) agree then to return the original, unidentified document and replace it with the document appropriately identified, or shall confirm destruction of said Confidential Material. Any "CONFIDENTIAL MATERIAL" designation made under this Order by the Producer before production shall be effective as of the date of production. A later designation by any Party shall be effective as of the date of notice to all Parties by the Party making the designation.

2.      Except to the extent otherwise authorized herein, all Parties and non-parties bound by this Order shall treat the CONFIDENTIAL MATERIAL as confidential and shall use ALL CONFIDENTIAL MATERIAL produced in this Action only for litigation or settlement of this Action.  Otherwise, except upon the prior written consent of the Producer or by Order of the Court, materials identified as CONFIDENTIAL MATERIAL and produced in this Action shall not be used by any Party other than the Producer for any other purpose, including, without limitation, to aid a non-party in litigation against either Party.

3.      When a Party wishes to file a pleading, motion, brief or other submission with the Court accompanied by or including CONFIDENTIAL MATERIAL, the Party may confer with the Producer of the CONFIDENTIAL MATERIAL to determine if the CONFIDENTIAL MATERIAL may be filed with the Court without a sealing order.  If the Producer does not agree to the filing of the CONFIDENTIAL MATERIAL without a sealing order, of if the Party wishing to attach the CONFIDENTIAL MATERIAL recognizes that it is a of a nature that will require filing under seal, the Party must file a motion for leave to file under seal only the portion of motion, brief or other submission (including only the portion of any exhibits or attachments which contain or disclose CONFIDENTIAL MATERIAL) in accordance with Local Rule 5.3.  If such motion is granted, the CONFIDENTIAL MATERIAL only shall be filed under seal in accordance with Local Rule 5.3.  If

such motion is denied, the Party may proceed to the file the CONFIDENTIAL MATERIAL with the Court.

4.  Except upon the prior written consent of the Producer or by Order of the Court, CONFIDENTIAL MATERIAL shall not be disclosed to any persons other than:

    a.  The Parties to this Action;

    b.  counsel to the Parties to this Order and agents of such counsel, legal associates, paralegals, or clerical or other support staff in connection with this Action;

    c.  by Defendant, to any present or former officer, director or employee of Defendant who is assisting counsel in this Action or the settlement thereof and/or who performs functions in connection with this Action;

    d.  any expert (including the experts' employees, associates and/or support staff) who is employed, retained or otherwise consulted by a Party to this Order or its attorney in connection with this Action;

    e.  during depositions to deponents and court reporters in this Action, in accordance with the provisions of this Order and any other procedures as may be agreed upon by the parties;

6

  f. the Court, personnel of the Court including court reporters, and any juries that hear this Action;

  g. commercial photocopying or document handling firms used by any Party to this Order or counsel for photocopying, storage, retrieval, or handling;

  h. any non-party to whom CONFIDENTIAL MATERIAL is produced pursuant to a subpoena, court order, or other legal process in accordance with Section I.D. of this Order or with the consent of the Producer;

  i. any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any Party or its counsel may be legally obligated to make such disclosure; and

  j. Case evaluators, mediators, and facilitators.

5. Before any person listed in B.4(d) is shown any materials designated as CONFIDENTIAL MATERIAL, counsel for the Party showing the material shall give a copy of this Order to that person, shall obtain the agreement of that person that he or she will be bound by the terms hereof, and shall obtain the signature of such person to this Order. Additionally, before any person listed in B.4(h) is shown any materials designated as CONFIDENTIAL MATERIAL by a Receiving party, counsel for the party showing the material shall give a copy of this Order to that

7

person and shall use reasonable efforts to obtain the consent of that person to be bound by the terms hereof and to obtain the signature of such person to this Order. No person reviewing or receiving any CONFIDENTIAL MATERIAL as provided by a Receiver Party of such material shall disclose it or its contents to any person other than those identified in Paragraph B.4 of this Order and shall disclose it or its contents only in accordance with the terms of this Order.

6. Inadvertent or unintentional disclosure in this Action of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection. In the case of inadvertently produced privileged and/or work product documents, when a Receiver becomes aware that he or she has received documents that were inadvertently produced, or upon a request made by a Producer, the documents together with all copies made of them and any notes made from them shall be returned forthwith to the party claiming privilege and/or work product immunity (work product by or on behalf of the Receiver may be destroyed rather than returned to the Producer). All electronically stored copies shall be removed from any of the Receiver's databases. No further uses or disclosures shall be made of the inadvertently-produced materials, and the Receiver shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the Receiver has provided them. The Parties shall have the benefit of all limitations on waiver afforded by Federal

8

Rule of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties to this Action. Any Party may, within ten (10) business days after notification of the inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the Producer in writing of that objection and specifying the material to which the objection is made. The Parties shall confer within five (5) business days of service of any written objection. If the objection is not resolved, the Producer shall, within three (3) business days of the conference, file and serve a motion to resolve the dispute, and shall file a copy of the disputed document(s) under seal with the Court.

C.      *Depositions*

    1.      Attendance at depositions taken in this Action at which CONFIDENTIAL MATERIAL is identified, discussed or disclosed shall be limited to the deposition notary, the deponent, counsel for the deponent, counsel for the Parties to this Order, and any representative of a Party or expert who is employed, retained or otherwise consulted by a Party or its attorney in connection with this Action. Persons attending a deposition when CONFIDENTIAL MATERIAL is disclosed shall state on the record their agreement to be bound by the terms of this Order. If any CONFIDENTIAL MATERIAL is to be used or discussed during the

9

deposition of a witness, the deponent shall be given a copy of the Order prior to the deposition and advised of its terms.

2. Any Party to this Order may designate information being disclosed during a deposition about CONFIDENTIAL MATERIAL as CONFIDENTIAL MATERIAL by designating as CONFIDENTIAL MATERIAL those portions of deposition testimony within thirty (30) days from the receipt of the deposition transcript or by advising the court reporter. The reporter shall place the Confidential Legend on every page of the deposition transcript which has been designated CONFIDENTIAL MATERIAL. If any document designated as CONFIDENTIAL MATERIAL is identified as an exhibit in connection with the testimony given in this Action, such document shall be marked and treated as CONFIDENTIAL MATERIAL in accordance with the provisions of this Order. At the direction of the Producer, all persons other than the deponent, deponent's attorney, and those persons who have agreed on the record to be bound by this Order shall be excused from the deposition during the time that the CONFIDENTIAL MATERIAL is being discussed or disclosed.

### D. *Subpoenaed Production of Confidential Material*

If any Receiver of CONFIDENTIAL MATERIAL is served with a subpoena, court order, or other legal process seeking CONFIDENTIAL MATERIAL by someone other than the Producer, the Receiver shall give prompt written notice of

such to the Producer and shall respond to the subpoena, court order, or other legal process by setting forth the existence of this Order.  After giving such prompt written notice to the Producer and making such response, no Receiver of CONFIDENTIAL MATERIAL is required to challenge or appeal any further demand for production of CONFIDENTIAL MATERIAL or to subject itself to any penalties for noncompliance with any subpoena, court order, or other legal process.  In such event, however, the Producer may challenge or appeal any such further demand at the Producer's discretion and expense.

### E. *Other Matters*

1. Nothing in this Order shall prevent any Party from using or disclosing its own documents or from the use or disclosure of any non-privileged document or information that such party may have acquired outside of the discovery process in this Action.

2. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action.

3. Nothing in this Order shall limit any Party's right to appropriate discovery or restrict the prosecution, defense, or settlement of this Action.

4. Nothing in this Order shall be construed in any way as a finding whether any particular document or information is privileged or whether it is admissible into evidence.  Additionally, a Party's compliance with the terms of this

11

Order shall not operate as an admission that any particular document is or is not confidential or authentic or admissible into evidence at the trial of the Action.

5.  This Order is without prejudice as to the right of any interested Party to apply to the Court for an order modifying or amending this Order, for good cause shown, and subject to Court approval.

6.  This Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

7.  Neither provisions of this Order nor any disclosure of CONFIDENTIAL MATERIAL by any Party pursuant to this Order shall constitute a waiver in any other litigation of any attorney-client, joint-defense, work-product, or other privilege, including the protections afforded by the Federal Rules of Evidence that such party may possess.

8.  It is further agreed that the production of CONFIDENTIAL MATERIAL shall not be deemed a waiver of Producer's claims of attorney-client, joint-defense, work-product, or any other applicable privilege.

9.  This Order and any amendments thereto may be executed in counterparts.

10. A Party to this Action shall become a party/signatory to this Order before it receives any Confidential Material.

11. The Parties, counsel for the Parties, and other persons and/or entities subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for enforcing this Order.

## II.  CONCLUSION OF LITIGATION

A.  *<u>Handling of Confidential Material Upon Conclusion of Action</u>*

Upon the final non-appealable disposition of this Action, each Receiver must return all CONFIDENTIAL MATERIAL to the Producer or destroy such CONFIDENTIAL MATERIAL upon the request of the Producer.  As used in this subdivision, "all CONFIDENTIAL MATERIAL" includes all copies, abstracts, compilations, summaries, notes, and any other format reproducing or capturing any of the CONFIDENTIAL MATERIAL, regardless of the medium in which it was stored.  Whether the CONFIDENTIAL MATERIAL is returned or destroyed, each Receiver must, upon request, submit a written certification to the Producer that (1) identifies (by category, where appropriate) all the CONFIDENTIAL MATERIAL that was returned or destroyed and (2) affirms that the Receiver has not retained any copies, abstracts, compilations, summaries, notes, or any other format reproducing or capturing any of the CONFIDENTIAL MATERIAL.  Notwithstanding this provision, counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain CONFIDENTIAL MATERIAL. Any such archival copies that contain or constitute CONFIDENTIAL MATERIAL remain subject to this Order. This provision does not apply to the Court or Court staff.

B.    *Court Disposition of Confidential Material*

Upon the final non-appealable disposition of this Action, any CONFIDENTIAL MATERIAL in the control of the Court may remain under seal.

C.    *Duration of the Confidentiality Stipulation*

This Order shall survive the termination of this Action and continue in full force and effect.

**AGREED AS TO SUBSTANCE AND FORM:**

| /s/ Charlotte Croson | /s/ Noah S. Hurwitz |
|---|---|
| Charlotte Croson (P56589) | Noah S. Hurwitz (P74063) |
| Nacht Law, P.C. | Dykema Gossett PLLC |
| Attorneys for Plaintiff | Attorneys for Thetford Corporation |

**APPROVED AND ORDERED:**

Date: October 4, 2016          s/Robert H. Cleland
                               Hon. Robert H. Cleland
                               United States District Court for the
                               Eastern District of Michigan

14